IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MCDONALD INVESTMENTS, INC., | ) | CASE NO. 1:05CV1530 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DALY HOLDINGS, INC., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Defendant. | ) | |

This matter is pending before the Court on Defendant's Motion to Compel Arbitration (ECF #19). For the reasons that follow, Defendant's Motion is granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff, McDonald Investments, Inc. ("McDonald Investments") filed this action against Defendant Daly Holdings, Inc., d/b/a Tower Hill Holdings ("Daly") on June 2, 2005, seeking money damages arising out of Daly's failure to pay for 250,000 shares of a publicly traded security, which it allegedly ordered through McDonald Investments. (ECF #1). Daly filed an

answer to the Complaint on September 19, 2005, and a Case Management Conference was held on September 22, 2005. (ECF # 15, 17). On September 27, 2005, Defendant filed the instant motion to compel arbitration, asserting that McDonald Investment is member of the NASD, and that according to the NASD rules, Daly, a customer of McDonald Investments, has the right to demand that all of the claims in Plaintiff's Complaint be submitted to arbitration. Plaintiff argues that Daly has previously asserted that it is not a McDonald's customer, and is therefore estopped from now arguing that they are in order to compel arbitration. (ECF #20).

## DISCUSSION

The NASD Code of Arbitration Procedure provides in part:

Any dispute, claim, or controversy . . . between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer.

NASD Rule 10301(a). There is no dispute between the parties that McDonald Investments is an NASD member, or that the dispute or claim is one that arises in connection with the business of the member. The only issue is whether Daly is a "customer" of McDonald for purposes of the arbitration rule.

McDonald has claimed that Daly is a customer in the underlying suit; Daly has claimed that it is not. Daly has claimed that is a customer for purposes of the arbitration agreement; McDonald has claimed that it is not. More precisely, McDonald asserts that Daly is a customer for all purposes, but so long as it denies being a customer for purposes of the underlying suit, it cannot maintain that it is a customer for purposes of enforcing the NASD arbitration rule.

In its Answer Daly admitted that "on April 21, 2005 Daly Holdings placed a trade directly with McDonald for purchase of securities . . . ." In its Reply brief, Daly contends that is a customer of McDonald, but that it was not the "transacting party" for the purchase at issue. In its sur-reply, McDonald contends that Daly is not only a customer, but that it was the "transacting party" in the transaction at issue. It seems, therefore, that the parties both agree that Daly was a customer of McDonald. That is the only inquiry necessary to the determination of whether arbitration is warranted in this case.

The parties do disagree on whether Daly was the "transacting party" and whether they are, therefore, directly liable for McDonald's alleged losses. This, however, is not an issue that must be decided in order to determine whether the NASD arbitration rules apply in this case. The NASD has not limited its definition of "customer" to investors who directly hold accounts with the member-firm. See, First Montauk Securities Corp. v. Four Mile Ranch Development Co., Inc., 65 F.Supp. 2d 1371, 1381 (S.D. Fla. 1999). Nor does the NASD require that a "customer" for arbitration purposes also have a direct transactional relationship with the firm. See, Vestax Securities Corp. v. McWood, 280 F.3d 1078, 1081. Whether or not Daly was the "transacting party" or is otherwise liable for McDonald's alleged losses is an issue that goes to the underlying liability, and is the precise what must be determined in arbitration.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Compel Arbitration (ECF #19) is granted as both parties contend that Daly was a customer of McDonald Investment, and the NASD rules allow customers to demand arbitration. As arbitration will resolve the underlying

issues in this action, this case is, therefore, dismissed without prejudice subject to reinstatement should further proceedings be necessary after the arbitrable issues are resolved.

     IT IS SO ORDERED.

                                                       s/ Donald C. Nugent
                                                       JUDGE DONALD C. NUGENT

DATED: November 17, 2005